**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MEI CHI YU, | No. 11-70333 |
| Petitioner, | Agency No. A043-762-411 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 10, 2014
San Francisco, California

Before: CANBY, W. FLETCHER, and WATFORD, Circuit Judges.

Petitioner Mei Chi Yu challenges the BIA's determination that she

abandoned her lawful permanent resident ("LPR") status. Yu also challenges the

BIA's determination (1) that she is not eligible for a waiver of inadmissability

under § 212(k) of the Immigration and Nationality Act ("INA") and (2) that, even

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

if she was eligible under the INA, the BIA would not grant one in its discretion. We deny the petition.

This court must uphold the BIA's determination that Petitioner abandoned her LPR status if "there is (1) substantial evidence that (2) the government has offered 'clear, unequivocal, and convincing evidence' of (3) the ultimate finding necessary to support the abandonment of lawful status." *Khoshfahm v. Holder*, 655 F.3d 1147, 1151 (9th Cir. 2011). To qualify as a returning resident alien, Yu "must be returning to an unrelinquished lawful permanent residence after a temporary visit abroad." *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir. 1997) (internal quotation marks omitted). Her time in Hong Kong "will be considered a 'temporary visit abroad' only if [she had] a continuous, uninterrupted intention to return to the United States during the entirety of [her] visit." *Chavez-Ramirez v. INS*, 792 F.2d 932, 936–37 (9th Cir. 1986). Further, if a "parent abandons his or her LPR status while the petitioner is in his or her custody and control, then the parental abandonment must be imputed to the child." *Khoshfahm*, 655 F.3d at 1152.

Substantial evidence supports the Board's conclusion. Yu and her parents were admitted to the United States as lawful permanent residents in 1993, when Yu was twelve, but returned to Hong Kong just four months later. Yu's mother never

returned to the United States, and Yu's father returned only a few times for, inter alia, a funeral and graduation. Neither of her parents ever worked in the United States, and Yu's father continued to work as a civil servant in Hong Kong when they returned. Yu's father also collected a pension from the Hong Kong government after retiring. Moreover, Yu did not know whether her parents paid rent or owned property in the United States. By contrast, Yu's father owned his apartment in Hong Kong. Finally, Yu could not recall a single time between 1993 and 2003 when her parents talked about the United States or plans to return there. Like the BIA, we hold that "the brevity of [Yu's parents'] initial residence, her father's brief and limited subsequent visits to the United States, the absence of any property holdings or business ties in this country, and the [parents'] long residence and employment abroad" provide substantial evidence to conclude that they abandoned their LPR status while Yu was still a minor.

Petitioner also argues that she was eligible for and entitled to a waiver under § 212(k) of the INA. This court lacks jurisdiction over the BIA's decision. 8 U.S.C. § 1252(a)(2)(B)(ii). While this court has jurisdiction over the Board's decisions when those decisions are guided by legal standards, we cannot review "matters of pure discretion." *Nakamoto v. Ashcroft*, 363 F.3d 874, 879 (9th Cir. 2004). Here, the BIA concluded that Yu "has not established a basis for granting

her a waiver" under the statute. However, the BIA also held that "[t]o the extent [Yu] is eligible to seek a waiver under section 212(k), . . . [she] has not shown that she merits a favorable grant of discretion." While the first holding would have been reviewable, the second, alternative holding represents an exercise of pure discretion. As a result, this court has no jurisdiction over the BIA's decision to deny the § 212(k) waiver.

**PETITION DENIED.**